IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES HENRY CAPERS, II, <br> #215 931, <br>     Plaintiff, <br>     v. <br> WARDEN G. HETZEL, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: 2:12-CV-708-WHA <br> )                      [WO] <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a 42 U.S.C. § 1983 action filed by Plaintiff on August 17, 2012. Plaintiff, a state inmate currently incarcerated at the Easterling Correctional Facility ["Easterling"] in Clio, Alabama, seeks injunctive relief, damages, and costs in regard to his claim that he is subjected to unconstitutional conditions of confinement at Easterling. Upon review of Plaintiff's complaint, the court finds that this matter is due to be dismissed prior to service under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Activation of toilet regulators occurred in Easterling's segregation unit on June 16,

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2012. These toilet regulators flush every two hours. As a result, waste remains in the toilet until it automatically flushes within the set time frame. Plaintiff complains that this situation forces him to live in an unhealthy environment.[2] The court understands Plaintiff to complain that the condition about which he complains subjects him to cruel and unusual punishment in violation of his Eighth Amendment rights. (*Doc. No. 1 at pgs. 2-3*.)

A prison official has a duty under the Eight Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective component requires an inmate to prove that he was denied the "minimal civilized measure of life's necessities." *Id*. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, 837.

---

[2] Plaintiff is housed in a two-man cell within the segregation unit. (*Doc. No. 1 at 3*.)

With respect to the objective prong under *Farmer*, the court finds that Plaintiff fails to show that the condition about which he complains exposes him to a substantial risk of serious harm. He does not allege that he is denied access to a toilet or that he is confined for an extended period of time without an operable toilet. Rather, Plaintiff and his cellmate are no longer in a position to flush the toilet in their cell after each use. There is no indication, however, that this circumstance alone constitutes either an "extreme" condition or poses an unreasonable or unsafe risk to Plaintiff's health and well-being. The situation, at times, may be unpleasant, but, as described, does not rise to a level which violates Plaintiff's constitutional rights.

While it is clear that Plaintiff would prefer to have "on demand" flushing capability, the fact that the toilet in his cell now flushes on a two hour schedule, at most, constitutes merely a routine unpleasantness. It is not the type of extreme deprivation, however, that can be described as cruel and unusual punishment. *See Hutto v. Finney,* 437 U.S. 678, 686–87 (1978). Thus, instead of his claim rising to the level of a constitutional violation, Plaintiff's claim describes a standard aspect of prison life which occasionally causes him some minor inconvenience and/or discomfort. Because the deprivation about which Plaintiff complains is not sufficiently serious to rise to the level of a constitutional violation, his conditions claims is due to be dismissed as frivolous. *See Neitzke v. Williams*, 419 U.S. 390 (1989); 28 U.S.C. § 1915(e)(2)(B)(i).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that Plaintiff may file an objection to the Recommendation on or before **September 11, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 27th day of August 2012.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE